## *JEFFERSON COUNTY—DECEMBER TERM, 1818.*

PRESENT—TAPPAN, *President,* ANDERSON, MOORES AND M'ELROY, *Associates.*

## MEANS vs. JEFFRIES.

The plaintiff having advanced money on a special contract for the delivery of flour by the defendant, at a certain time and place, after the time had elapsed, brought his action for money had and received, to recover back the money so advanced; and it was held that the defendant's receipt for the money, was sufficient *prima facie* evidence for the plaintiff to recover.

When a person has received money on a special contract, and the party paying seeks to disaffirm such contract and recover back the money, after the time of performance has elapsed, it is incumbent on the holder of the money to shew his right of retaining it.

DEMURRER TO EVIDENCE.

The plaintiff declared in assumpsit, for $500 had and received by the defendant, to his use, &c. Plea, non assumpsit, and issue to the country. The plaintiff gave in evidence to the jury a writing, as follows:—"Steubenville, Feb'y. 17th, 1817. Rec'd. from James Means five hundred dollars, paid in advance for two hundred barrels of merchantable flour, at seven dollars and twenty-five cents per barrel, nine tenths superfine, one tenth fine, to be delivered at Curtis Gurlie's warehouse, at the mouth of Short creek, Ohio, in about twenty or thirty days from the above date. JOSEPH JEFFRIES, JUN." and then rested his cause. The defendant demurred to this evidence, and the jury returned a verdict for the plaintiff for his damages.

GOODENOW in support of the demurrer, cited 7th East. 274, 1 D. and East. 133, 2d Burr. 1010, 2d Com. on contracts 81 & 77.—WRIGHT, contra, for the plaintiff.

PRESIDENT.—The plaintiff sues the defendant for money had and received by him, to and to the use of the plaintiff. The receipt of the money by the defendant is not disputed, nor is it disputed but that the money so received was received to the use of the plaintiff. The evidence being admitted to prove these facts, it is contended

that the plaintiff has not yet shewn a right to recover back the money, and that it was incumbent upon him to prove, first, that the flour was not delivered according to the contract, and second, that it was demanded of the defendant before the suit was brought.    The authorities cited in support of the demurrer, do not sustain the position that the plaintiff is bound to prove a non-fulfilment of the special contract.    Comyn says, that "where a person has paid money upon a contract or agreement, which has not been performed, he may either affirm the agreement, by bringing a special action of assumpsit thereon for general damages; or he may disaffirm it, and recover back the money so paid, by action of *indebitatus assumpsit*, for money had and received."    If the party may sustain indebitatus assumpsit to recover back the money he has paid, it should seem that the same evidence which would entitle him to recover in such action, where there had been no special agreement, would also entitle him to recover when the agreement was no longer obligatory on him.    The cases 1st D. and East, 133, Towers vs. Barrett, & 7th East 274, Payne vs. Whale, do. not appear to have any bearing on the question how far the plaintiff must prove to recover in this action.    Those cases shew under what circumstances the party may maintain this action, and when he must resort to his original contract.    The case of Moses vs. Macfarlan, 2 Burr. 1010, only determine in what cases this action will lie, not what evidence is necessary to support it.    This is a demurrer to evidence; and by it the receipt of the money is acknowledged, and the defendant's right to retain it must rest on his having done something by which the contract is still open, and the plaintiff's right to bring this action is questioned: we cannot presume that the defendant has, in part or in whole, performed his contract, merely because he has promised so to do : anything done in performance of the special contract, which would hold it still open, is matter of affirmation on the part of the defendant, and by him to be proven ; for in general, the affirmative, and not the negative of any proposition, casts the burden of proof upon the side making it.    The plaintiff's right to disaffirm the contract and recover back the money he has paid, is apparent from the lapse of time within which the flour was to have been delivered, and it not appearing that any act has been done towards performance by the defendant.    A demand was not necessary ; the flour was to be delivered within a certain time, and at a fixed place, and not on demand. *Demurrer overruled, and judgment for plaintiff.*